UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

WILLIAM M. MORRIS and SHANNON D. )
MORRIS, )
       Plaintiffs, )
)
  vs. )      3:10-cv-56-RLY-WGH
)
STATE FARM FIRE AND CASUALTY )
COMPANY, )
       Defendant. )

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This action arises from a fire which occurred at the home of William M. Morris and Shannon D. Morris (collectively "Plaintiffs") on May 19, 2009. State Farm Fire and Casualty Company ("Defendant"), insured the Plaintiffs' home under a homeowner's policy, and Plaintiffs were the named insureds. Plaintiffs submitted a claim to Defendant for damage to their home and personal property resulting from the fire. Defendant denied Plaintiffs' claim. Thereafter, Plaintiffs brought the present action against Defendant for breach of contract (Count I) and for breach of the duty of good faith and fair dealing (Count II). Plaintiffs also seek punitive damages.

Defendant now moves for partial summary judgment on Count II and on Plaintiffs' request for punitive damages. Plaintiffs neglected to respond to Defendant's motion for partial summary judgment.

An insurer has a duty to deal in good faith with its insured. Merely denying a

1

claim for insurance benefits is not sufficient to establish a breach of that duty. *Hoosier Ins. Co. v. Audiology Found. of America*, 745 N.E.2d 300, 310 (Ind. Ct. App. 2001) ("[a] good faith dispute about . . . whether the insured has a valid claim . . . will not supply the grounds for recovery . . . for the breach of the obligation to exercise good faith" (citing *Becker v. American Family Ins. Grp.*, 697 N.E.2d 106, 108 (Ind. Ct. App. 1998)). Moreover, bad faith requires more than negligence or poor judgment. *Id.* (citing *Colley v. Ind. Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998)). A finding of bad faith requires evidence of "'a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.'" *Malone v. Reliastar Life Ins. Co.*, 558 F.3d 683, 695 (7th Cir. 2009) (quoting *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 976 (Ind. 2005)). In addition, punitive damages can only be awarded if Plaintiffs show that Defendant "'acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.'" *Sexson v. State Farm Fire and Cas. Co.*, 61 Fed.Appx. 267, 270 (7th Cir. 2003) (quoting *Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 484 (7th Cir. 1994) (quoting *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 519 (Ind. 1993) (additional internal quotations omitted)).

Defendant presents evidence demonstrating that it denied Plaintiffs' claim based on the results of an investigation of the fire. Plaintiffs supply no facts or evidence to show that Defendant's denial of Plaintiffs' claim was based on a dishonest reason. Thus, Plaintiffs fail to establish that Defendant breached its duty of good faith and fair dealing

when it denied Plaintiffs' claim. In addition, since there is no evidence that Defendant denied Plaintiffs' claim in bad faith, Plaintiffs are also not entitled to an award of punitive damages. *Malone*, 558 F.3d at 695.

For the reasons set forth above, Defendant's motion for partial summary judgment on Count II and on Plaintiffs' request for punitive damages (Docket # 31), is **GRANTED**.

**SO ORDERED** this 18th day of July 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Catherine A. Haines
CANTRELL STRENSKI & MEHRINGER, LLP
chaines@csmlawfirm.com

James P. Strenski
CANTRELL, STRENSKI & MEHRINGER, LLP
jstrenski@csmlawfirm.com

Terry A. White
OLSEN WHITE HAMBIDGE LLP
taw@thelawteam.net